# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United Automobile Insurance Company,<br><br>    Plaintiff<br><br>v.<br><br>Thomas Christensen, E. Breen Arntz, and<br>Gary Lewis,<br><br>    Defendants | Case No.: 2:18-cv-02269-JAD-BNW<br><br>**Order Denying Defendants' Special<br>Motions to Dismiss under NRS 41.660**<br><br>[ECF Nos. 5, 11] |

What began as a car-accident case, grew into an insurance-coverage dispute, and mushroomed into a judgment-enforcement war across multiple courts, a half-dozen lawsuits, and twelve years of litigation, lands in this court as a declaratory relief suit against the insured and a barratry claim against his attorneys. Decrying this case as the insurer's retaliation for battle scars and an "attempt[] to chill and muzzle defendants in violation of the law,"[1] defendants move for dismissal under Nevada's anti-SLAPP statute, which protects good-faith communications in furtherance of free-speech rights connected to issues of public concern. But because no defendant has met his statutory burden of proof, I deny the motions.

## Background

This case's origin story begins with a 2007 car accident involving Gary Lewis and leaving a minor child seriously injured.[2] The child made an offer to Lewis's insurer, plaintiff United Automobile Insurance Company (UAIC), to settle her claim for the policy's $15,000

---

[1] ECF No. 5 at 2.

[2] ECF No. 1 at 3.

limit.[3]  UAIC rejected her offer on the basis that Lewis had failed to renew the policy and thus

wasn't covered on the day of the accident.[4]  The child then sued Lewis in state court.[5]  UAIC

refused to defend Lewis in that case and Lewis didn't defend himself, so the child obtained a

$3.5 million default judgment against Lewis.[6]

Lewis and the child then sued UAIC in state court, alleging that it had engaged in bad-

faith insurance practices.  That case was removed to federal court in this district.[7]  At summary

judgment, the district court found that UAIC's renewal statement was ambiguous, construed that

language against the insurer, found that Lewis was covered on the date of the accident, and

directed UAIC to pay the policy's limits to the child.[8]  The district court also found that UAIC

hadn't acted in bad faith because it had a reasonable basis to dispute coverage.  Finally, the court

found that UAIC had breached its duty to defend Lewis, but it didn't award any damages.  It

reasoned that Lewis hadn't incurred any fees or costs in defending the child's lawsuit because he

had simply allowed default judgment to be entered against him.[9]

Lewis and the child appealed the district court's summary-judgment order and resulting

clerk's judgment.[10]  Because there was no clear state law on the issue of whether an insurer's

"liability for breach of the duty to defend included all losses consequential to an insurer's

---

[3] ECF No. 5 at 5.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Nadler v. United Auto. Ins. Co.*, 2:09-cv-1348 (D. Nev. filed July 24, 2007).

[8] *Id.* at ECF No. 102.

[9] *Id.*

[10] *Id.* at ECF No. 112.

breach," the Ninth Circuit certified that question to the Nevada Supreme Court.[11] But before the state's high court could answer the question, UAIC moved to dismiss the appeal for lack of standing, arguing that the six-year life of the default judgment had expired without it being renewed, making it unenforceable and thus mooting the issues on appeal.[12] The Nevada Supreme Court stayed its consideration of the initial certified question pending resolution of UAIC's motion to dismiss the appeal.[13] The Ninth Circuit, however, could not resolve UAIC's dismissal motion without certifying a second question to the Nevada Supreme Court: whether an insurer's liability expires when the statute of limitations on the judgment runs, even though a suit for damages was filed before expiration.[14] So, that appeal is presently stayed pending the Ninth Circuit's receipt of an answer to the question that it certified to the Nevada Supreme Court.[15] The child then filed proceedings in California and Nevada seeking to "renew or amend the expired 2008 judgment" against Lewis.[16]

Nearly a year after the Ninth Circuit certified the second question to the Nevada Supreme Court and stayed the appeal, UAIC filed this lawsuit against Lewis and his attorneys Thomas Christensen and E. Breen Arntz.[17] Couching its theory as claims for declaratory relief, UAIC contends that it is not obligated to pay Lewis's attorneys' fees or to take its marching orders from those attorneys. It reasons that its implied-in-law contract with Lewis doesn't extend to fees

---

[11] *Nadler v. United Auto Ins. Co.*, 824 F.3d 854, 855–56 (9th Cir. 2016).

[12] *Nadler v. United Auto. Ins. Co.*, 878 F.3d 754, 757 (9th Cir. 2017).

[13] *Id.*

[14] *Id.* 755–56, 58.

[15] *Id.* at 755.

[16] ECF No. 5 at 10 (referring to docket sheets from cases at ECF Nos. 5-7, 5-8).

[17] ECF No. 1.

incurred by his personal attorneys, and there is no true conflict of interest between Lewis and

UAIC that would entitle him to independent counsel.[18] UAIC adds a claim for barratry against

Christensen and Arntz, alleging that Christensen represents both Lewis and the child in lawsuits

in Nevada and California that seek to revive the child's expired default judgment against Lewis,

Arntz's representation of Lewis in those proceedings is a sham orchestrated by Christensen, and

both Christensen and Arntz have prevented UAIC-retained counsel from conferring with

Lewis.[19] Christensen now brings a special motion to dismiss the barratry claim under Nevada's

anti-SLAPP statute, NRS 41.660,[20] in which Arntz and Lewis both join.[21] Lewis also moves

separately for the same relief.[22]

## Discussion

**A.    To dismiss a SLAPP suit, a defendant must establish by a preponderance of the evidence that the suit is based on conduct or communications that were truthful or made without knowledge of their falsehood.**

Nevada's anti-SLAPP statute works as a "procedural mechanism to dismiss meritless

lawsuits that a [plaintiff] initiates primarily to chill a defendant's exercise of his . . . First

Amendment free speech rights before incurring the costs of litigation."[23] Nevada Revised

Statute 41.660 provides a two-step approach for courts to resolve the anti-SLAPP motion. First,

the defendant must "establish, by a preponderance of the evidence, that the [plaintiff's] claim is

---

[18] *Id.* at ¶¶ 21–34.

[19] *Id.* at ¶¶ 35–41.

[20] ECF No. 5 (Christensen's motion).

[21] ECF Nos. 9 (Arntz's joinder), 10 (Lewis's joinder).

[22] ECF No. 11 (Lewis's motion). UAIC opposes each of these efforts. ECF Nos. 12, 13, 17, 18 (UAIC's responses).

[23] *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019) (internal quotation marks and alteration omitted).

based upon a good-faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern."[24]  The defendant can satisfy his burden by showing that the plaintiff's claim falls within one of four statutory categories of communications.[25]  Regardless of which category the defendant identifies, at the first stage of the inquiry, it is the defendant's "burden . . to prove that his conduct was either truthful or made without knowledge of its falsehood."[26]  If he succeeds, "the burden shifts to the plaintiff to show 'with prima facie evidence a probability of prevailing on the claim.'"[27]  Although the mechanism has seen several transformations, it now "functions like a summary judgment motion procedurally."[28]

The Nevada Supreme Court illustrated just how summary-judgment-like that burden is earlier this year in *Coker v. Sassone*.  Artist Marco Sassone sued Darrell Coker under Nevada's deceptive-trade-practices and racketeering statutes, alleging that Coker was selling counterfeit versions of his work.[29]  Coker filed a special motion to dismiss the suit, "arguing that dissemination of artwork to the public is expressive conduct" protected by the anti-SLAPP statute.[30]  He attached a declaration in which he swore that he bought the pieces from a bulk art

---

[24] Nev. Rev. Stat. § 41.660(3)(a).

[25] Nev. Rev. Stat. § 41.637.  Christensen primarily contends that UAIC's barratry claim implicates the third category: a "[w]ritten or oral statement made in direct connection with an issue under consideration by a . . . judicial body."  Nev. Rev. Stat. § 41.637(3).  But because he has not satisfied the threshold truthful-or-not-knowingly-false showing required for all categories, I do not reach the question of which category, if any, is implicated here.

[26] *Id.* at 750, n.4.

[27] *Coker*, 432 P.3d at 749 (quoting *Shapiro v. Welt*, 389 P.3d 262, 267 (Nev. 2017)).

[28] *Id*. at 748.

[29] *Id*.

[30] *Id*.

supplier and that he never created any copies.[31]  But that wasn't enough because Sassone's

claims were "based on Coker's representation of the lithographs as originals.  Thus, Coker

[needed] to provide evidence persuading th[e] court that at the time he advertised and sold the

lithographs online, he believed that they were originals and, thus, advertised them as such."[32]

But Coker "made no such statement" or offered evidence that the pieces were authentic.[33]  And

"[a]bsent such evidence," the court "conclude[d] that Coker . . . failed to demonstrate that his

conduct was truthful or made without knowledge of its falsehood."[34]

**B.      Christensen has not met his statutory burden.**

Perhaps because he relied on a motion-to-dismiss standard when framing this motion,[35]

Christensen, too, has failed to provide evidence that his conduct was truthful or made without

knowledge of its falsehood.  Christensen offers no declaration or any state-of-mind evidence.  He

provides only the docket sheets from the cases that form the basis for UAIC's barratry claim.[36]

In a footnote, he explains that he did not attach the filings themselves "[c]onsistent with this

---

[31] *Id*. at 750.

[32] *Id*.

[33] *Id*.

[34] *Id*.

[35] *See* ECF No. 5 at 14 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Christensen says in footnote 4 of his motion that he recognizes that these motions "are to be treated like summary judgment motions," so he "sets forth his statement of facts in numerical format consistent with LR 56-1."  *Id*. at 3, n.4.  But that local rule says nothing about numbered facts; it does, however, require parties to "cite the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies."  L.R. 56-1.

[36] *See* ECF Nos. 5-1–5-8.

Court's Local Rules,"[37] and he offers to supplement the record with any document that the court might request.[38]

But it is not the court's obligation to comb docket sheets, determine which documents would satisfy the movant's burden, and then request them.[39] The anti-SLAPP statute gives defendants an early opportunity to nip abusive litigation in the bud,[40] but if the defendant fails to prove by a preponderance of the evidence that the claim targets good-faith communications, "the inquiry ends at the first prong, and the case advances to discovery."[41] The docket sheets offer, at best, a peek at how those cases proceeded or are proceeding. They lack detail about the representations and conduct in those cases that form the foundation for UAIC's barratry claim: the complaint, discovery, and correspondence in the 2009 Nadler bad-faith case;[42] the filings in the certified-question actions before the Nevada Supreme Court;[43] and the 2018 third-party complaint against UAIC and Randall Tindall and the communications surrounding it.[44] Without that detail, the court has no way to determine whether Christensen's communications were truthful or made without knowledge of their falsehood. Even Christensen's own statement of

---

[37] Christensen misunderstands this rule. L.R. IA 10-3 prohibits parties from attaching copies of pleadings or other documents "filed in the pending matter" because the court has direct access to those filings already and doesn't need another copy. But relevant documents that are not already part of the record in this case or easily accessible on Westlaw or LexisNexis must be provided.

[38] ECF No. 5 at 4, n.5.

[39] The parties are reminded of the "now familiar maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

[40] The statute imposes a 60-day deadline for these special motions, which may be extended "if such modification would serve the interests of justice." Nev. Rev. Stat. § 41.660(2) & (6).

[41] *Coker*, 432 P.3d at 749.

[42] *See* complaint allegations, ECF No. 1 at ¶¶ 13–16.

[43] *Id*. at ¶¶ 20–24.

[44] *Id*. at ¶¶ 25–32.

facts fails to illuminate his communications, conduct, or state of mind.  When recounting this

case's "complex procedural history," Christensen leaves himself almost entirely out of the

narrative.[45]

In lieu of evidence, Christensen relies on the success of another local attorney's anti-

SLAPP motion in *Century Surety Company v. Prince*.[46]  Century sued attorney Dennis Prince

and others for racketeering and civil conspiracy, alleging a "setup" and "scheme to fraudulently

procure a multi-million dollar judgment against Century as a result of a catastrophic vehicle

accident."[47]  "The heart of Century's" theory was that "Prince knew that the complaint he filed

in the underlying state court action was not truthful," as shown by conflicts between the

allegations in the complaint and "known facts and evidence."[48]  Like Christensen, Prince filed a

special motion to dismiss under NRS 41.660 and he didn't supply a declaration.  But unlike

Christensen, Prince attached to his motion the subject complaint, those allegedly conflicting

documents, deposition testimony, letters, and emails, so that the district court was able to

evaluate the communications and their nature.[49]  When affirming that dismissal on appeal, the

Ninth Circuit panel enumerated the items of evidence that supported the district court's good-

faith finding.  Central to that evidence was that Prince "did sign the state-court complaint" and

thereby certified "'to the best of his knowledge, information and belief,' the complaint's 'factual

---

[45] *See* ECF No. 5 at 3–12.  Christensen's name doesn't appear in the enumerated facts until paragraph 43.

[46] *Century Sur. Co. v. Prince*, 265 F. Supp. 3d 1182 (D. Nev. 2017).

[47] *Prince*, 265 F. Supp. 3d at 1185.

[48] *Id*. at 1189.

[49] *See id.* (describing the statements in the complaint and in letters and emails).

8

1 contentions had evidentiary support.'"[50]  With "that supporting evidence and the signed

2 complaint," the panel agreed that "Prince shifted the burden to Plaintiff."[51]  Because Christensen

3 offers no comparable evidentiary showing, he has not met his burden, so his motion fails.

**C.      Arntz and Lewis have failed to meet their statutory burden.**

5        Arntz and Lewis's piggyback efforts strike even farther from the mark.  Neither provides

6 evidence to satisfy his burden.  Arntz offers merely a single-sentence notice that he joins in

7 Christensen's special motion.[52]  Though Lewis's filing is more robust, he isn't a target of the

8 barratry claim—which is the sole claim that Christensen addresses in his special motion—and

9 his attempt to stretch Christensen's arguments to the declaratory-relief claims pled against him

10 leaves much uncovered.  Lewis blanketly argues that "[e]very single one [his] arguments [is]

11 protected by NRS 41.637" because he was engaging in his right to petition, and he asserts that

12 "UAIC's claim arises from" protected activity.[53]  But Lewis does not identify these "arguments,"

13 and UAIC's only claims against him seek declaratory relief about the insurer's duty to defend

14 and liability against an implied-in-contract insured,[54] so there are no underlying "arguments" to

15 form the basis of Lewis's liability.  Arntz and Lewis, too, have failed to demonstrate that this is a

16 SLAPP suit deserving of dismissal under NRS 41.660.

---

[50] *Century Sur. Co. v. Prince*, __ Fed. App'x. __, 2019 WL 3285535, *1 (9th Cir. July 22, 2019) (quoting Nev. R. Civ. Proc. 11).

[51] *Id.*

[52] ECF No. 9.

[53] ECF No. 11 at 5.

[54] ECF No. 1.

**Conclusion**

Because Christensen, Arntz, and Lewis have not shown that their communications and conduct were truthful and without knowledge of falsity, they have not discharged their burden as the moving parties under NRS 41.660(3)(a). So, as the Nevada Supreme Court explained in *Coker*, "the inquiry ends . . . and the case advances to discovery."[55] Accordingly, IT IS HEREBY ORDERED that the defendants' special motions to dismiss under NRS 41.660 **[ECF Nos. 5, 11] are DENIED**.

IT IS FURTHER ORDERED that **the Discovery Stay [ECF No. 30] is LIFTED**. The parties have 14 days to submit a proposed discovery plan and scheduling order.

Dated: September 13, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[55] *Coker*, 432 P.3d at 749.