# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United Automobile Insurance Company, | Case No.: 2:18-cv-02269-JAD-BNW |
| Plaintiff | |
| v. | **Order Re: Motions to Supplement and for Reconsideration** |
| Thomas Christensen, E. Breen Arntz, and Gary Lewis, | [ECF Nos. 41, 49] |
| Defendants | |

Last September, I denied Thomas Christensen's special motion to dismiss United Automobile Insurance Company's (UAIC's) barratry claim under Nevada's anti-SLAPP statutes because he didn't meet his evidentiary burden.[1]  Christensen now asks me to reconsider that ruling[2] to take into account the Nevada Supreme Court's recent opinion in *Rosen v. Tarkanian*,[3] which alters the standard that courts use in resolving anti-SLAPP motions,[4] and to certify two questions to Nevada's High Court if I deny his reconsideration request.[5]  I grant Christensen's motion to supplement, and I take *Rosen* into account when considering his reconsideration request.  But because Christensen hasn't shown that *Rosen* or any of his other reconsideration arguments compel a different result, I deny further relief.  I also decline to certify Christensen's proposed questions to the Nevada Supreme Court because to do so would be an unwarranted use of the certification process.

---

[1] ECF No. 32.

[2] ECF No. 41.

[3] *Rosen v. Tarkanian*, 453 P.3d 1220 (Nev. 2019).

[4] ECF No. 49.

[5] ECF Nos. 41, 49.

**Discussion**[6]

**I.    Christensen's Motion to Supplement [ECF No. 49]**

Christensen moves for leave to supplement his motion for reconsideration of my order denying his motion to dismiss under Nevada's anti-SLAPP statutes.[7]  He argues that *Rosen*, which was issued two months after he filed the reconsideration motion, adopted a different standard for courts to use in determining whether an alleged defamatory statement was made in good faith.[8]  Under *Rosen*, courts must look at the "gist or sting of communications as a whole, rather than parsing individual words in the communications."[9]  Had I applied this standard, Christensen contends, I would have found that he met his burden to show that he made his communications in good faith and therefore would have granted his anti-SLAPP motion.[10] Because *Rosen* alters the standard for assessing whether an anti-SLAPP movant has met his burden, I grant Christensen's motion to supplement and I consider *Rosen* along with the points and authorities that he submitted in his motion for reconsideration.

**II.    Christensen's Motion for Reconsideration [ECF No. 41]**

**A.   *Reconsideration***

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure, but courts may grant them under Rule 59(e).[11]  Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear

---

[6] The parties are familiar with the facts, so I do not repeat them here.  For a full summary of the facts, *see* ECF No. 32.

[7] ECF No. 49; *see also* Nev. Rev. Stat. § 41.660.

[8] ECF No. 49 at 2.

[9] *Rosen*, 453 P.3d at 1222 (internal quotation marks omitted).

[10] ECF No. 49 at 2.

[11] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999).

error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law.[12]  Although reconsideration may also be warranted in other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[13]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[14]  And a motion for reconsideration may not be based on arguments or evidence that could have been raised previously.[15]

Christensen argues that I erred by requiring him to provide "exacting proof to support his prima facie burden."[16]  He also takes issue with my finding that the docketing sheets he attached to show that his filings in other matters before different courts were made in good faith were insufficient.[17]  But he fails to show that the summary-judgment-like standard that I applied from the Nevada Supreme Court's opinion in *Coker v. Sassone* was incorrect.[18]  That court has emphatically explained that NRS § 41.660(3)(a) requires the defendant to "establish, *by a preponderance of the evidence*, that the [plaintiff's] claim is based upon a good-faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern."[19]  Christensen fails to provide any justification for

---

[12] *Id.*

[13] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

[14] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[15] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[16] ECF No. 41 at 5.

[17] *Id.*

[18] *Coker v. Sassone*, 432 P.3d 746, 748–50 (Nev. 2019).

[19] Nev. Rev. Stat. § 41.660(3)(a) (emphasis added).

departing from this rule, and his reliance on the Court's recent opinion *Rosen* doesn't provide an alternate path.  Even considering the "gist or sting" of the docketing sheets, as Christensen contends *Rosen* requires, they still fall short of meeting his burden under § 41.660(3)(a).  Because I cannot glean from the docket sheets what good-faith communication they contain, I also cannot determine whether the communications were truthful or made without knowledge of their falsehood.  These docket sheets simply don't lend themselves to the § 41.660(3) analysis.

   Christensen also misinterprets my order as hinging on his failure to attach an affidavit.[20] Courts may consider an affidavit as evidence of a good-faith communication, but this is only in conjunction with other evidence supporting that premise.  For example, the *Coker* court faulted the defendant for failing to submit evidence, including an affidavit, to show that he believed the alleged counterfeit artwork that he sold was authentic at the time he advertised and sold it.[21]  In *Century Surety Company v. Prince*,[22] another judge in this district granted an anti-SLAPP motion—missing affidavit notwithstanding—in light of the submitted documents, deposition testimony, and correspondence that the court used to evaluate the communications.[23]  In affirming the dismissal, the Ninth Circuit added that the fact the attorney signed the complaint further strengthened the lower court's good-faith determination.

   I did not deny Christensen's motion for want of an affidavit; I did so because the totality of the evidentiary record in this case was just too thin to grant the relief he wanted.  There was no underlying complaint that I could evaluate to determine the nature of Christensen's statements

---

[20] *See* ECF No. 41 at 7 ("Christensen should not be required to provide sworn 'state of mind' evidence as an attorney of record to satisfy his burden.").

[21] *Coker*, 432 P.3d at 750.

[22] *Century Sur. Co. v. Prince*, 265 F. Supp. 3d 1182 (D. Nev. 2017).

[23] *Id*. at 1189.

and their truthfulness.  And I am not persuaded by his argument that the court should infer that

the filings in the docket sheets were made in good faith solely because he is an attorney and

presumably signed them under Rule 11.[24]  Though the signature requirement is unequivocal, his

compliance with it is not beyond question.  And it's unclear whether he even submitted the

filings himself.[25]

There is also no new evidence that warrants reconsideration.  Christensen argues that the

Nevada Supreme Court's answer to two certified questions from the Ninth Circuit—that a party

is not entitled to an expired judgment and therefore cannot recover consequential damages from

it in a bad-faith claim against an insurer—"expressly left open the question" in this case, i.e.

whether tolling saves an otherwise-expired judgment therefore precluding a barratry claim.[26]

But in that unpublished answer to those questions, the Nevada Supreme Court declined to

entertain alternative arguments for when an expired judgment might be saved because those

arguments exceeded the scope of the certified question.[27]  Christensen clings to this language to

argue that it's still possible that he can recover the expired judgment, invalidating UAIC's

---

[24] ECF No. 41 at 7.

[25] I also reject Christensen's argument that I erred by denying his motion outright instead of offering him the opportunity to supplement the record in support of it, *see* ECF No. 41 at 7, as he fails to cite any legal authority for the notion that the court must give a movant an extra chance to do what he should have done in his original motion before denying it.

[26] *Id*. at 9.  In an unpublished disposition, the Nevada Supreme Court held that James Nadler could not recover from UAIC the judgment he won from his suit against Gary Lewis because it expired after six years and Nadler failed to renew it.  *See* ECF No. 41-10 at 4–5 (*Nalder v. United Auto. Ins. Co.*, Docket No. 70504 (Order Answering Certified Questions, Sept. 20, 2019)).  It also held that the expired judgment could not form the basis of Lewis and Nadler's (as Lewis's assignee) request for consequential damages because Lewis was not entitled to the expired judgment, and the claim for breach of duty to defend was "not an action upon Nalder's state court judgment against Lewis."  *Id*. at 6, 8 ("Lewis has not actually suffered a loss [for the state court judgment amount] because the judgment has expired and, thus, it is no longer enforceable against him.").

[27] *Id*. at 5.

barratry claim against him and proving that UAIC used it to chill his protected activity.[28] But this unpublished disposition is not new evidence of the type that warrants reconsideration; it does nothing to change the facts UAIC alleged in its complaint. Christensen simply failed to meet his burden, and nothing he offers on reconsideration or in his supplement demonstrates otherwise. His motion for reconsideration is granted to the extent that I have reviewed my prior decision, but any relief from it is denied.

### B. Certification of questions of law

In the alternative, Christensen moves to certify two questions to the Nevada Supreme Court:

> 1. Must a licensed Nevada attorney who should be presumed to file materials pursuant to Rule 11 of the relevant rules of Civil Procedure be required to submit a sworn declaration/affidavit stating that his/her communications in connection with litigation are truthful or made without knowledge of falsity in order to satisfy the first prong of the Anti-SLAPP analysis?
>
> 2. Does a licensed attorney, who should be presumed to file materials pursuant to Rule 11 of the relevant rules of Civil Procedure, forfeit his opportunity to pursue an Anti-SLAPP motion to dismiss because he/she did not affirmatively swear under oath to the truth or lack of knowledge of falsehood when filing his or her Special Motion to Dismiss? Alternatively, should such attorney be afforded the opportunity to supplement the record to make such filing to the extent such filing is deemed necessary?[29]

---

[28] ECF No. 41 at 9–10.

[29] *Id*. at 11.

UAIC responds that certification is improper where, as here, Christensen has already lost on this issue and seeks to "take a third bite of the apple."[30]  Christensen's argumentative and uniquely case-specific questions are not appropriate for certification.

"Certification of open questions of state law to the state supreme court . . . rests in the sound discretion of the federal court."[31]  "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision."[32]  The Ninth Circuit has held that a "party should not be allowed 'a second chance at victory' through certification by the appeals court after an adverse district court ruling,"[33] and the same rationale disfavors certification on a motion for reconsideration.[34]

Christensen misapprehends *Coker* and misconstrues my ruling.  Irrespective of whether a party—including an attorney—submits an affidavit or declaration testifying that the challenged communications were made in good faith, the court may still require additional evidence to conclude that the party's communications and conduct were truthful or made without knowledge of falsehood.[35]  Christensen neither filed an affidavit nor submitted evidence from which I could determine what purported protected conduct or communication was at issue, much less whether it was made in good faith.  He is simply unhappy with my application of *Coker* to the facts of this case, and the certification process is not designed to remedy that.

---

[30] ECF No. 46 at 14.

[31] *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

[32] *Id.*

[33] *Id.* (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

[34] *See, e.g.*, *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1226 (D. Nev. 2008).

[35] *See* ECF No. 32 at 6–9; *Coker*, 432 P.3d at 750.

1    Christensen's argument that the docket sheets he provided lend themselves to this task

2  and that I can presume their veracity based solely on the fact that he is a licensed attorney bound

3  by Rule 11's signature requirement, is not helpful.  Although Rule 11 requires attorneys to sign

4  filings to attest that they are not "being presented for any improper purpose," an attorney

5  signature alone doesn't mean that he complied with this requirement.  And I decline to make that

6  generous of an inference, specially when some of these papers were filed by other attorneys.[36]

7  So I decline Christensen's request to certify his questions to the Nevada Supreme Court.

**Conclusion**

9    IT IS THEREFORE ORDERED that the defendant's motion to supplement

10  **[ECF No. 49] is GRANTED.**

11    IT IS FURTHER ORDERED that the defendant's motion to reconsider my order denying

12  his special motion to dismiss **[ECF No. 41] is GRANTED to the extent that the court has**

13  **reviewed the prior order, but DENIED in all other respects.**

14    Dated: August 6, 2020

15  _____

16  U.S. District Judge Jennifer A. Dorsey

17

18

19

20

21

22

23

---

[36] *See* ECF No. 46 at 12–13, n.15.