1
2
3
4
5
6
            **UNITED STATES DISTRICT COURT**
7
                **DISTRICT OF NEVADA**
8
9
JAMES NALDER, Guardian Ad Litem
For minor Cheyanne Nalder, real party in
10
interest, and GARY LEWIS, Individually,
11
          Plaintiffs,                  Case No. 2:09-cv-1348-RCJ-GWF
12
vs.                                  **ORDER**
13
UNITED AUTOMOBILE INSURANCE
14
COMPANY, DOES I through V, and ROE
CORPORATIONS I through V, inclusive,
15
         Defendants.
16

17
       Plaintiffs move to overturn a judgment that this Court issued in this case nearly eight years
18
ago and which the Ninth Circuit affirmed after submitting certified questions to the Nevada
19
Supreme Court. The Court denies this motion for the reasons stated herein.[1]
20
                      **FACTUAL BACKGROUND**
21
       In 2007, Plaintiff Gary Lewis was involved in a car accident with Cheyenne Nalder.
22
Plaintiff James Nalder as Cheyenne Nalder's guardian ad litem sued Mr. Lewis for injuries from
23

---

[1] Plaintiffs also move to have this case consolidated with another case wherein Defendant is suing
24
Plaintiffs in a matter related to this case. The Court denies this motion as well because this case is
closed and continues to be closed due to this Court's denial of the motion to vacate the judgment.

a car accident. Defendant United Automobile Insurance Company ("UAIC") was Mr. Lewis's former insurer, but UAIC declined to defend Mr. Lewis, claiming that its coverage had lapsed at the time of the accident. Mr. Nalder's suit against Mr. Lewis resulted in a default judgment against Mr. Lewis because UAIC had failed to defend him. Subsequently, Mr. Nalder and Mr. Lewis sued UAIC for breaches of its insurance agreement with Mr. Lewis and claiming it did so in bad faith. After an appeal, this Court ultimately determined at summary judgment UAIC had incorrectly determined that its coverage had lapsed but did so in good faith. (ECF No. 102.) Finding that UAIC acted in good faith, the Court found UAIC's coverage was limited to the policy limits and issued a judgment accordingly on October 30, 2013. (ECF Nos. 102, 103.)

Plaintiffs appealed this judgment to the Ninth Circuit, arguing that they were entitled to extracontractual consequential damages from UAIC's breach of the duty to defend, even if it was in good faith. *Nalder v. United Auto. Ins. Co.*, 824 F.3d 854 (9th Cir. 2016). The Ninth Circuit certified this question of law to the Nevada Supreme Court:

> Whether, under Nevada law, the liability of an insurer that has breached its duty to defend, but has not acted in bad faith, is capped at the policy limit plus any costs incurred by the insured in mounting a defense, or is the insurer liable for all losses consequential to the insurer's breach?

*Id.* at 855.

During the pendency of the appeal, UAIC moved to dismiss the case for lack of standing because "the six-year life of the default judgment had run and that the judgment had not been renewed, so the judgment is no longer enforceable." *Nalder v. UAIC*, 878 F.3d 754, 757 (9th Cir. 2017). The Ninth Circuit also certified this issue to the Nevada Supreme Court:

> Under Nevada law, if a plaintiff has filed suit against an insurer seeking damages based on a separate judgment against its insured, does the insurer's liability expire when the statute of limitations on the judgment runs, notwithstanding that the suit was filed within the six-year life of the judgment?

*Id.* at 755–58. The circuit noted that Plaintiffs must succeed on both questions in order to prevail in its case against UAIC. *Id.* at 758. In 2019, The Nevada Supreme Court ruled in favor of Plaintiffs on the first question but against them on the second, and the Ninth Circuit consequently dismissed the appeal without remand on June 4, 2020. (ECF No. 142.)

Plaintiffs now move to nullify this Court's judgment and reopen this case under Fed. R. Civ. P. 60(b). Plaintiffs claim that the judgment is void under Rule 60(b)(4) because they were not afforded due process. They posit that this Court "*sua sponte* misappl[ied] Nevada law at the hearing, without giving [them] the opportunity to brief the issue and the resulting denial of his right to a jury trial on his claims against UAIC." (ECF No. 146 at 8.) They also argue that there has been a change in the law since this Court has ruled on summary judgment in 2013. Namely, in 2018, the Nevada Supreme Court ruled that "an insurer's liability for the breach of the duty to defend is not capped at the policy limits, even in the absence of bad faith." *Century Sur. Co. v. Andrew*, 432 P.3d 180, 186 (Nev. 2018). The Nevada Supreme Court relied upon *Century* in addressing the certified questions. (ECF No. 146 Ex. 1 at 2.)

## ANALYSIS

First, Plaintiffs were afforded adequate due process, and their contention to the contrary is frivolous. Rule 60(b)(4) allows that a party may challenge a final judgment on the grounds that it is void. This rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). In spite of Plaintiffs' arguments to the contrary, the Court did not act *sua sponte*, depriving them of their opportunity to be heard. For example, in Defendant's motion for summary judgment, it argued:

///

Plaintiffs' claims that they are entitled to $3.5 million dollar default judgment, far in excess of Mr. Lewis' $15,000 policy limits, apparently because of Defendant's 'bad faith' for their failure to defend under Lewis' policy. However, it seems clear from the discussion above, regarding Defendant's actions on the policy - which was not in force at the time by plaintiff's admission **no payment was made between June 12, 2007 and July 10, 2007** - that Plaintiffs' must admit a genuine dispute exists as to coverage for the loss.

(ECF No. 89 at 18). Plaintiffs responded to this motion (ECF No. 96), and the Court held oral arguments on the issue of summary judgment (ECF No. 101). Even more, Plaintiffs were permitted to appeal the Court's order in favor of Defendant to the Ninth Circuit, where Plaintiffs were provided ample opportunity to argue this question before the circuit and the Nevada Supreme Court via the certified questions. While the Nevada Supreme Court may have ultimately disagreed with this Court's finding that Plaintiffs' damages were limited to the policy limits based upon a new case, this error does not render the order void. *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir.1985) ("A judgment is not void merely because it is erroneous."). In sum, Plaintiffs were provided with ample opportunity to litigate this issue, satisfying due process.

Second, Rule 60(b)(6) allows for a party to challenge a final judgment for "any other reason that justifies relief." Among these reasons, the Ninth Circuit has noted that an intervening change in law may qualify for relief in some extraordinary circumstances. *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019). The change in law must "change the outcome" of the case. *Riley v. Filson*, 933 F.3d 1068, 1072 (9th Cir. 2019). Here, however, the change in law—that Nevada recognizes extracontractual damages even in the absence of bad faith—does not affect the outcome of the underlying case, as the current disposition of the case is dictated by Plaintiff's lack of standing as determined by the Ninth Circuit. (ECF No. 142.)

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Vacate Judgment (ECF No. 146) is DENIED.

IT IS FURTHER ORDERED that Motion to Consolidate (ECF No. 152) is DENIED.

IT IS SO ORDERED.

Dated July 6, 2021.

_____
ROBERT C. JONES
United States District Judge