UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United Automobile Insurance Company,<br><br>　　　　Plaintiff<br><br>v.<br><br>Thomas Christensen, et al.,<br><br>　　　　Defendants | Case No.: 2:18-cv-02269-JAD-BNW<br><br>**Order Denying Without Prejudice Motion for Partial Summary Judgment; Denying in Part Without Prejudice Motion to Dismiss; Stating Under Federal Rule of Civil Procedure 62.1 that Motion to Dismiss Would Be Granted in Part if the Court of Appeals Remands for that Purpose**<br><br>[ECF Nos. 107, 110, 114] |

　　　　The 2007 car accident that gives rise to this case is a distant memory. The lawyers and insurance carrier involved in that dispute have been litigating against one another for more than fourteen years in numerous cases in this court and Nevada state court, and there is no end in sight. Based on those prior and concurrent cases, the United Automobile Insurance Company (UAIC) filed this action for common-law barratry and declaratory relief against the lawyers and defendant in the original suit. The insurer now moves for summary judgment on its declaratory-relief claim, and defendants move to dismiss the complaint for want of subject-matter jurisdiction and because barratry is not a recognized tort claim under Nevada law.

　　　　Although I find that Nevada law likely doesn't recognize barratry as a claim, I cannot now dismiss it because this court lacks jurisdiction over the barratry claim while the Ninth Circuit considers defendants' pending appeal of two of my recent orders.[1] Should the Ninth Circuit remand under Federal Rule of Civil Procedure (FRCP) 62.1 and Federal Rule of Appellate Procedure (FRAP) 12.1 to allow me to consider that issue, I would grant in part the

---

[1] *See* ECF No. 59 (notice of appeal); USCA Case No. 20-16729.

motion to dismiss on that basis.  And because the barratry claim appears to supply the requisite amount in controversy to secure diversity jurisdiction over the declaratory-relief claim, I find it likely on this record that this court would lack subject-matter jurisdiction over this action if the barratry claim is dismissed.  So I deny without prejudice the motion for summary judgment and the portion of the motion to dismiss that concerns the declaratory-relief claim, and I direct defendants to advise the Ninth Circuit clerk of this indicative ruling under FRAP 12.1.

## Discussion[2]

### I.  Defendants' motion to dismiss [ECF No. 110]

#### A.  The impact of FRCP 62.1

Generally, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."[3]  Filing "a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[4]  In September 2019, I denied defendants' special motion to dismiss UAIC's barratry claim under Nevada's anti-strategic-lawsuits-against-public-participation (anti-SLAPP) statute, and a year later, I denied their motion for reconsideration of that initial denial.[5]  Defendants timely filed a notice of

---

[2] I caution the parties to comply with this district's local rules in the future.  The parties must provide an index of exhibits, each exhibit must include a cover sheet describing the exhibit's contents, discrete exhibits must be individually filed (not as a part of the base document or a compilation of exhibits), and all "[d]ocuments filed electronically must be filed in a searchable" format.  L.R. IA 10-1, IA 10-3, IC 2-2.  Failure to adhere to these rules may result in the denial without prejudice of future motions.

[3] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[4] *Id.*

[5] ECF No. 32; ECF No. 55.

appeal,[6] stripping this court of jurisdiction over the barratry claim. So, until that appeal is resolved, this court lacks jurisdiction to dismiss that claim.

FRCP 62.1(a) provides a district court with three paths forward when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."[7] "The court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[8] If the court chooses the third option, the "movant must promptly notify the circuit clerk" of the district court's indicative ruling.[9] Once so notified, under FRAP 12.1, "the court of appeals may remand [to the district court] for further proceedings [on that motion or] expressly dismiss[] the appeal." And although the movant may formally request an indicative ruling under FRCP 62.1, the Ninth Circuit has held that such a motion is not a "prerequisite" to the district court making one.[10]

### B. This court would dismiss UAIC's barratry claim upon remand.

Defendants argue that the insurer's barratry claim should be dismissed under FRCP 12(b)(1) and 12(b)(6) because it (1) is not a recognized cause of action under Nevada law and (2) does not meet the jurisdictional amount-in-controversy requirement. I agree with them on both counts. So, if the Ninth Circuit remands under FRAP 12.1, I would dismiss the barratry claim for want of subject-matter jurisdiction or, in the alternative, for failure to state a claim.

---

[6] ECF No. 59.
[7] Fed. R. Civ. P. 62.1(a).
[8] *Id.* (cleaned up).
[9] *Id.* at (b); Fed. R. App. P. 12.1(a).
[10] *Mendia v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017). Here, the parties have not requested an indicative ruling. I make one regardless.

3

### 1. Barratry is not a recognized cause of action under Nevada law, and the Supreme Court of Nevada likely would not recognize it as one.

When sitting in diversity, federal courts must "approximate state law as closely as possible" and are bound by "pronouncements of the state's highest court on applicable state law."[11] But if the state's highest court hasn't decided an issue, "the task of the federal courts is to predict how the state high court would resolve it."[12] In so doing"—absent controlling state authority—federal courts look to existing state law *without predicting potential changes in that law.*"[13] And we should "hesitate prematurely to extend the law in the absence of an indication from the state courts or the state legislature that such an extension would be desirable."[14]

A civil claim for common-law barratry generally seeks to redress frivolous and vexatious litigation.[15] "Put simply, maintenance is helping another prosecute a suit; champerty is maintaining a suit in return for a financial interest in the outcome; and barratry is a continuing practice of maintenance or champerty."[16] Both sides agree that the Nevada Supreme Court has never recognized a cause of action for barratry in this state, nor has the state legislature codified one into statute.[17] But UAIC urges me to recognize it anyway because a claim for barratry existed under pre-1776 English common law, which Nevada courts have regularly applied to fill

---

[11] *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (cleaned up).

[12] *Id.* (cleaned up).

[13] *Id.* (emphasis added) (citation omitted).

[14] *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1154 (9th Cir. 2011) (cleaned up).

[15] *Barratry*, Black's Law Dictionary (11th ed. 2019).

[16] *In re Primus*, 436 U.S. 412, 424 n.15 (1978).

[17] *See, e.g.*, ECF No. 115 at 39 n.28 ("Although defendants claim Nevada does not recognize a barratry claim, from plaintiff's review, no case involving civil barratry is found in Nevada so, it would be an issue of first impression.").

in the gaps between our state common law and the statutory code.[18]  Defendants counter that the Nevada Supreme Court has never indicated that it would recognize a barratry claim if given the chance.[19]  Because it is simply not the role of federal courts to recognize causes of actions under state law before the state's own courts do,[20] I decline to overstep the bounds of our federalist system to do so today.

Even if I were inclined to pen new state law, I would find it unlikely that the Nevada Supreme Court would recognize a civil barratry claim.  In *Del Webb Communities, Inc. v. Partington*, the Ninth Circuit held that another judge in this district had impermissibly expanded Nevada law by predicting that the Nevada Supreme Court would allow affirmative relief for champerty or maintenance.[21]  In that case, the district court had relied on Nevada Revised Statute (NRS) 1.030, which provides that "[t]he common law of England, so far as it is not repugnant to or in conflict with the Constitution and laws of the United States, or the Constitution and laws of this State, shall be the rule of decision in all the courts of this State."[22]  But the Ninth Circuit rejected its application in the context of champerty and maintenance because the Nevada Supreme Court had held that courts' interpretation of the common law should not consider "the

---

[18] *See id.*

[19] ECF No. 119 at 7–8.

[20] *Torres v. Goodyear Tire & Rubber Co.*, 867 F.2d 1234, 1238 (9th Cir. 1989), *certified question answered*, 786 P.2d 939 (Ariz. 1990).  I note that the Ninth Circuit in *Torres* certified to the Arizona Supreme Court a question of state law on which the case turned.  *See generally id.*  Because I find the barratry question largely answered by the Nevada Supreme Court's precedent—or lack thereof—I decline to present the Court with a certified question today.

[21] *Del Webb Communities*, 652 F.3d at 1154 ("We conclude that there was no secure basis for the district court to predict that the Nevada Supreme Court would recognize a common-law tort cause of action for damages or equitable relief asserted by a stranger to an allegedly champertous agreement . . . . None of the Nevada Supreme Court's cases recognize[s] champerty and maintenance as a tort." (citation omitted)).

[22] Nev. Rev. Stat. § 1.030.

5

conditions which existed when the United States Constitution was adopted, or when Nevada gained statehood, or even when NRS 1.030 was first enacted, *but conditions [that] exist today*."[23]  And in cases as early as 1910, the Nevada Supreme Court has recognized that "[t]he reason for the enactment of the English statutes of champerty and maintenance ha[s] very largely ceased to exist" and found that "the great weight of authority" rejects the continued existence of affirmative causes of action for champerty or maintenance.[24]  So, given that the Nevada Supreme Court has disallowed civil claims for the two component causes of action that comprise barratry, and the Ninth Circuit has reversed any attempt to alter these claims' trajectory toward obsolescence in our state, I find it unlikely that the Nevada Supreme Court would recognize barratry as a common-law civil claim.

    **2. *Because a claim for common-law barratry doesn't exist in Nevada, it must be dismissed for want of subject-matter jurisdiction or, in the alternative, for failure to state a claim.***

    Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[25]  "A court's subject-matter jurisdiction can never be waived or forfeited [and] objections to the court's jurisdiction may be resurrected at any point in the litigation."[26]  While the Supreme Court has held that "[i]n most cases, a plaintiff's failure to state a claim under [FRCP] 12(b)(6) does not deprive a federal court of subject-matter jurisdiction,"[27] "the federal courts are without power to entertain claims otherwise within their jurisdiction if

---

[23] *Del Webb Communities*, 652 F.3d at 1155 (quoting *Rupert v. Stienne*, 528 P.2d 1013, 1017 (Nev. 1974)) (emphasis added).

[24] *Id.* at 1155–56 (quoting *Prosky v. Clark*, 109 P. 793, 794 (Nev. 1910)).

[25] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[26] *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3).

[27] *Brownback v. King*, 141 S. Ct. 740, 749 (2021).

6

they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'"[28] "It does not matter that recovery appears to be 'very remote and unlikely.'"[29] To dismiss on jurisdictional grounds, it must essentially be legally foreclosed regardless of the facts the plaintiff is able to prove.[30] And if the parties' dispute does not arise under federal law, a claim must be dismissed for want of subject-matter jurisdiction if it fails to meet both requirements of diversity jurisdiction: (1) no defendant may be a citizen of the same state as any plaintiff and (2) the amount in controversy must exceed $75,000.[31]

Because Nevada law does not—and the Nevada Supreme Court would likely not—recognize a private cause of action for barratry, UAIC fails to state a claim for barratry. But a court cannot dismiss for failure to state a claim "before the court has assumed jurisdiction."[32] If no cause of action exists, then this court lacks jurisdiction over it because it is both so meritless that there cannot be an amount in controversy over it and so legally insubstantial that it precludes relief regardless of the circumstances. So it is "beyond doubt" that without a sufficient amount in controversy or a sustainable claim UAIC can "prove no set of facts in support of [its barratry] claim which would entitle [it] to relief,"[33] and I would dismiss it under FRCP 12(b)(1) for lack of subject-matter jurisdiction upon remand under FRCP 62.1. And even if it were doubtful or questionable whether a claim for barratry would be viable in Nevada, and even if I took UAIC's

---

[28] *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up).
[29] *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981) (cleaned up).
[30] *Id.*
[31] 28 U.S.C. § 1332.
[32] *Franklin*, 662 F.2d at 1343.
[33] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

7

amount-in-controversy allegations as true for purposes of establishing this court's jurisdiction, I would dismiss it for failure to state a claim under FRCP 12(b)(6) for the same reasons.

> **C.    This court likely can't exercise jurisdiction over the declaratory-relief claim.**

Defendants ask this court to dismiss UAIC's declaratory-relief claim because, among other reasons, it does not meet the amount-in-controversy requirement. "In actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[34] Courts must first examine the face of the complaint to determine whether the jurisdictional amount in controversy has been met.[35] And if the opposing party contests the amount in controversy, the court is tasked with taking evidence and deciding whether the jurisdictional threshold has been met by a preponderance standard.[36]

The complaint, as well as the arguments in UAIC's response brief, appear to aggregate the amount in controversy in the declaratory-relief claim with the amount in controversy in the barratry claim.[37] And plaintiffs suggest that nearly all of the amount that hangs in the balance of this case—more than $5 million—arises from the barratry claim, which is the "object" of this litigation.[38] It appears that the amount in controversy for the declaratory-relief claim on its own is well below the $75,000 jurisdictional requirement.[39] So I find it likely that, if the Ninth Circuit remands and I dismiss the barratry claim, the amount-in-controversy threshold would not be met for the surviving declaratory-relief claim. I thus deny without prejudice in part the

---

[34] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted).

[35] *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

[36] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).

[37] *See generally* ECF No. 1; ECF No. 110; ECF No. 115; ECF No. 119.

[38] ECF No. 115 at 26–28.

[39] *Id.* at 27–28; ECF No. 110 at 7–8.

motion to dismiss; defendants are free to re-file it to address whether UAIC has an independent basis to invoke this court's diversity jurisdiction for the declaratory-relief claim once the barratry issue has been resolved.

## II. UAIC's motion for partial summary judgment [ECF No. 107]

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[40] FRCP 56 requires a summary-judgment movant to "identify[] each claim or defense . . . on which summary judgment is sought" and show that no genuine disputes of material fact exist.[41] To show that a fact "cannot be . . . genuinely disputed," the movant "*must* support the assertion" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[42] And this district's local rules require a "statement setting forth each fact material to the disposition of the motion" with proper citation to the record evidence.[43]

UAIC's motion fails to satisfy these requirements. It concedes so in a footnote: "In the interest of brevity, UAIC has not attached supporting documentation for every fact alleged and, instead, has cited only to documents necessary for the court's determination of this motion. Should defendant[s] dispute any other fact, U[]AIC will produce the supporting documents."[44]

---

[40] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 56(a).

[41] Fed. R. Civ. P. 56(a).

[42] *Id.* at 56(c)(1) (emphasis added).

[43] L.R. 56-1.

[44] ECF No. 107 at 7 n.6.

But the burden on summary judgment is the movant's—and it is a heavy one—UAIC cannot shift it onto the defendants, asking them to rebut every "fact" UAIC asserts without supporting record cites.[45]

Nor can UAIC shift this burden onto the court. References to the record are scant throughout much of the insurer's motion, not just its facts section. And where the insurer includes such references to provide evidentiary support for its argument or its asserted undisputed facts, it does so with general citations to entire exhibits, which are often UAIC's own filings in this case or other cases the parties have brought against one another. But "judges are not like pigs, hunting for truffles buried in briefs" and the record.[46] Neither this "court nor the defendant is required to engage in a 'hunt and peck' exercise to ferret out potentially relevant and necessary findings"[47] to warrant the entry of summary judgment in UAIC's favor. I thus find the insurer's motion deficient under the court's rules and deny it without prejudice. UAIC may file a new, properly supported summary-judgment motion in compliance with the FRCP and this district's local rules once the barratry issue is resolved.

## Conclusion

IT IS THEREFORE ORDERED that the UAIC's motion for partial summary judgment **[ECF No. 107] is DENIED without prejudice**.

---

[45] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (holding that when the party moving for summary judgment would bear the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial." (cleaned up)).

[46] *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)).

[47] *Pool Water Prod. v. Olin Corp.*, 258 F.3d 1024, 1033 (9th Cir. 2001).

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 110] is DENIED in part without prejudice**.  Under Federal Rule of Civil Procedure 62.1, the court lacks authority to consider the remainder of the motion or to dismiss UAIC's barratry claim because that claim is the subject of an appeal currently pending before the Ninth Circuit.  But the court would grant the motion if the court of appeals remands for that purpose under Federal Rule of Appellate Procedure 12.1.  Defendants are instructed that they must "promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" of this court's indicative ruling.

And good cause appearing, IT IS FURTHER ORDERED that defendants' motion for leave to exceed the 24-page limit on its response brief to the defendants' motion to dismiss **[ECF No. 114] is GRANTED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 25, 2022