UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United Automobile Insurance Company,<br><br>    Plaintiff<br><br>v.<br><br>Thomas Christensen, et al.,<br><br>    Defendants | Case No.: 2:18-cv-02269-JAD-BNW<br><br>**Order Retaining Jurisdiction** |

    Last month, upon remand from the Ninth Circuit, I dismissed plaintiff United Automobile Insurance Company's (UAIC's) common-law barratry claim because I found it incognizable under Nevada law.[1] In that minute order, I also directed UAIC to show cause in writing why, in the absence of the barratry claim underlying them, its remaining declaratory-relief claims should not be dismissed for want of subject-matter jurisdiction because it wasn't clear that it satisfied the requisite amount in controversy. UAIC responds that this court should retain jurisdiction over its claims because "at issue is potential liability for" an "excess judgment, now totaling well over $5 million."[2] The defendants counter that the actual amount in controversy is less than $10,000.[3]

    "In actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[4] Courts must first examine

---

[1] *See* ECF No. 123 (indicative ruling); ECF No. 124 (order of the court of appeals remanding case); ECF No. 125 (minute order dismissing barratry claim).

[2] ECF No. 126 at 3.

[3] ECF No. 129 at 2–3.

[4] *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted).

the face of the complaint to determine whether the jurisdictional amount in controversy has been met.[5] And if the opposing party contests the amount in controversy, the court is tasked with taking evidence and deciding whether the jurisdictional threshold has been met by a preponderance standard.[6]

UAIC's second declaratory-relief claim seeks a declaration that the insurer "owes no duty to indemnify [d]efendant [Gary] Lewis for or in connection with any claim . . . for any amount above the mandatory minimum limits of liability insurance" in Nevada.[7] UAIC argues that, absent such a determination, it could be on the hook for the $5 million judgment against Lewis obtained through the defendants' alleged collusion in 2018.[8] Defendants argue that the judgment doesn't actually underlie this litigation because this action doesn't attack the judgment's validity, so it should not be used to find whether the jurisdictional amount has been met.[9] That would leave only the approximately $10,000 independent-counsel fees at issue in UAIC's first declaratory-relief claim,[10] depriving this court of diversity jurisdiction. But UAIC brought this action to determine that, even if that judgment is valid, the insurer will not be required to indemnify Lewis for it, so the judgment *does* underlie this action. I thus find by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Accordingly,

IT IS ORDERED that **the court will retain jurisdiction over this case**.

---

[5] *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).
[6] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).
[7] ECF No. 1 at ¶ 34.
[8] ECF No. 126 at 2–6.
[9] ECF No. 128 at 7–12.
[10] *Id.* at 3; ECF No. 126 at 3.

IT IS FURTHER ORDERED that this matter is **REFERRED to the magistrate judge** to address any appropriate scheduling issues in light of the current posture of the case.

_____
U.S. District Judge Jennifer A. Dorsey
July 18, 2022