# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United Automobile Insurance Company, | Case No.: 2:18-cv-02269-JAD-BNW |
| Plaintiff<br>v. | **Order Denying Motion for Summary Judgment and Staying Case** |
| Thomas Christensen, E. Breen Arntz, and Gary Lewis, | [ECF No. 139] |
| Defendants | |

This is one of four actions this courthouse has seen regarding United Automobile Insurance Company's (UAIC's) duties to cover the 2007 car accident in which Gary Lewis struck pedestrian Cheyenne Nalder.[1] The 15-year history of this dispute is a complicated and tortured one that has generated seemingly endless lawsuits and appeals—one still pending before the Ninth Circuit in this very case and another awaiting decision from the Supreme Court of Nevada.[2] This iteration of the dispute began as UAIC's suit against Lewis and his attorneys Thomas Christensen[3] and E. Breen Arntz for declarations that it lacks any duty, liability, or obligation to them, and as a barratry claim against Christensen and Arntz.[4] The barratry claim has been dismissed,[5] leaving only the declaratory relief claims.[6]

---

[1] *See also Nalder, et al. v. AIC*, 2:09-cv-01348-RCJ-GWF; *Christensen, et al. v. UAIC et al.*, 2:21-cv-01374-JAD-NJK; and *Christensen et al. v. UAIC et al.*, 2:22-cv-02125-JAD-VCF.

[2] Supreme Court of Nevada Case No. 83392.

[3] Christensen represented Nalder in the original suit. Then he picked up the representation of tortfeasor Lewis against UAIC. And now he represents himself, Lewis, and another of Lewis's attorneys, Arntz.

[4] ECF No. 1.

[5] That dismissal is on appeal in Ninth Circuit Case No. 22-16105.

[6] ECF Nos. 123, 125.

Defendants move to dismiss those remaining claims as an improper use of the Declaratory Judgments Act or under the *Colorado River* doctrine because these coverage matters are live issues in the pending state-court appeal. They also ask for summary judgment in their favor, arguing that the attorneys are not proper targets of these claims and, regardless, the record shows that all of the defendants are entitled to judgment as a matter of law.

Because these claims overlap with, and will likely be impacted by, rulings in the still-pending state-court appeal, and because both sides agreed at the hearing on this motion that a temporary stay is prudent, I construe the defendants' dismissal request as one for a temporary stay instead and grant it. And because the defendants have not carried their burden to show the absence of genuine factual disputes or that they are entitled to judgment as a matter of law, I deny their request for summary judgment.

## Discussion

**A.     Christensen and Arntz have failed to establish that they are not proper defendants.**

The dismissal of UAIC's barratry claim left two declaratory relief claims. Though the second of those claims is directed just at Lewis, the first is targeted at Lewis and his attorneys, Christensen and Arntz. It seeks declarations that UAIC's "obligation to defend Gary Lewis" under the insurance contract "does not extend to payment of legal fees incurred by defendant Christensen or Arntz" and "that the only purported 'conflict of interest,'" which these defendants contend gave rise to Lewis's ability to hire Arntz as his independent counsel (and UAIC's duty to pay for Arntz's services), "is entirely of Christensen's own invention and triggers no further obligation under the policy."[7]

---

[7] ECF No. 1 at ¶¶ 24–25 (cleaned up).

In a mere three sentences buried under the subheading "E. Breen Arntz was Retained by Gary Lewis to Defend him in the 2018 *Nalder v. Lewis* Litigation," the defendants argue that this claim must be "dismissed" against Christensen and Arntz because they are strangers to the insurance policy and "not proper parties" to this claim.[8] After UAIC ignored this argument in its response brief, the defendants opened their reply brief with the gross overstatement that "UAIC completely fails to respond to the Motion, which seeks summary judgment in favor of Attorneys E. Breen Arntz and Thomas Christensen because they are not parties to the contract."[9]

I find this argument too undeveloped to be capable of reasonable assessment.[10] Besides citing a Supreme Court of Nevada case holding that this state's litigation privilege is "quite broad,"[11] defendants offer no authority or analysis—particularly concerning the proper scope of a declaratory relief action to absolve an insurer of the duty to compensate "independent counsel"[12] in this context and why it is improper to name as defendants the attorneys seeking those fees. So, to the extent that the defendants' summary-judgment motion seeks dismissal on this basis, I deny it.

---

[8] ECF No. 139 at 12 (cleaned up).

[9] ECF No. 144 at 2.

[10] *Hibbs v. Dep't of Hum. Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (denying relief based on argument that was "too undeveloped to be capable of assessment"); *see also United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (refusing to "manufacture" an argument for a party that was inadequately briefed and lacked any citations to authority).

[11] ECF No. 139 at 12 (citing *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002)).

[12] I use the phrase "independent counsel" to easily refer to Lewis's lawyers in the 2018 state-court action. This is not intended as a finding or to imply that Christensen and Arntz are properly considered "independent counsel" deserving of insurer-provided funding under *State Farm Mutual Insurance Company v. Hansen*, 357 P.3d 338, 340 (Nev. 2015).

**B.     Defendants have not met their burden to show that a conflict between UAIC and Lewis exists, entitling them to summary judgment on UAIC's first claim for relief as a matter of law.**

Contrary to the defendants' portrayal in the introductory sentence of their reply brief of their "Motion" as one seeking summary judgment based on Christensen and Arntz's contractual non-party status, the main thrust of the motion is actually their attempt to establish the parties' respective rights and duties because of—or despite—more than a decade of court rulings, litigation strategies, and communications.  For UAIC's first claim, which seeks a declaration that its duty to defend Lewis did not include paying Christensen or Arntz to represent Lewis in the 2018 state-court case that remains pending before the Supreme Court of Nevada, the Lewis camp argues that there is "an actual conflict as a matter of law" between UAIC and Lewis that entitled Lewis to hire independent counsel of his choice at UAIC's expense.[13]  UAIC responds that Lewis had no right to hire insurer-paid independent counsel because the 2018 proceedings did not involve a coverage determination.[14]  It adds that the defendants have not met their burden to show that no factual disputes exist regarding whether a conflict actually existed in the first place.

In *State Farm Mutual Insurance Company v. Hansen*, the Supreme Court of Nevada confirmed that Nevada is a "dual-representation state" in which "insurer-appointed counsel represents both the insurer and the insured."[15]  Because of this dual-representation status, "counsel may not represent both the insurer and the insured when their interests conflict and no special exception applies."[16]  In so holding, the court adopted the California Supreme Court's

---

[13] ECF No. 139 at 10 (emphasis removed).
[14] ECF No. 141 at 23.
[15] *Hansen*, 357 P.3d at 340.
[16] *Id.* at 341.

rule from *San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc.*[17] that, if such a conflict exists, "the insurer must satisfy its contractual duty to provide counsel by paying for counsel of the insured's choosing."[18]  As a result of these holdings, independent counsel hired under such circumstances is often called "*Cumis* counsel" or "*Hansen* counsel" for short.

Under *Hansen*, "[c]ourts must inquire, on a case-by-case basis, whether there is an actual conflict of interest" between insurer and insured, and "the appropriate standard is whether there is an actual conflict under [Nevada Rule of Professional Conduct] 1.7."[19]  That rule states that a conflict of interest exists if: "(1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more client will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."[20]

The defendants don't analyze—or even cite—Rule 1.7.  They rely instead on the facts that Lewis sued UAIC in 2009 and that coverage case was still pending in the Ninth Circuit "when Nalder pursued Lewis anew" in 2018.[21]  This, they perfunctorily claim, was a conflict as a matter of law.[22]  They also point to UAIC-appointed counsel Randall Tindall's affidavit in the 2018 state-court action, which they characterize as Tindall having "agreed[] under oath . . . that

---

[17] *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358 (1984), *superseded by statute as stated in United Enters. Inc. v. Superior Ct.*, 183 Cal. App. 4th 1004 (2010).

[18] *Hansen*, 357 P.3d at 343 (noting that the court has "approvingly cited opinions holding that 'joint representation is permissible as long as any conflict remains speculative'" (quoting *Nev. Yellow Cab. Corp. v. Eighth Jud. Dist. Ct.*, 152 P.3d 737, 742 (Nev. 2007))).

[19] *Id.*

[20] Nev. Rule of Prof. Conduct 1.7.

[21] ECF No. 139 at 10.

[22] *Id.*

there was an actual conflict; and, for that reason, he withdrew from representation."[23]  The defendants then top off their proof offer by stating that "[e]ach of the[] [e]xhibits attached hereto as numbers 2, 3, 4, 10, and 12 support this argument and eliminate any issue of fact because they each contain uncontroverted evidence of a conflict."[24]

This "spaghetti approach" of heaving "the entire contents of" five exhibits "against the wall in hopes that something w[ill] stick" falls far short of satisfying the defendants' summary-judgment burden.  Like the Ninth Circuit did when addressing this strategy in *Independent Towers of Washington v. Washington*, I "decline . . . to sort through the noodles in search of" evidence.[25]

The defendants' more specific evidentiary items don't establish an actual conflict between Lewis and UAIC either.  Tindall's affidavit doesn't say what the defendants claim it does, and the facts surrounding Tindall's withdrawal provide context that undermines their representations.  Tindall offered to represent Lewis based on the belief that Nalder's attempts to revive the 2008 judgment would fail because that judgment had long-since expired, and he filed motions to dismiss Nalder's action on that basis.  For reasons still unclear to this court, Christensen and Arntz—on behalf of Lewis at that point—refused to accept any UAIC defense employing the strategy of attacking the judgment and withdrew Tindall's motions.  Tindall then stepped away from further representation of Lewis, declaring that "Mr. Arntz's . . . withdrawal of

---

[23] *Id.* at 11.

[24] *Id.*

[25] *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  Similarly undeveloped arguments have caused me to reject defense arguments in this case at least once before.  *See e.g.*, ECF No. 32 at 7 n.39 (denying anti-SLAPP motion to dismiss that merely referred to summary docket sheets to establish the contents of litigation filings and stating, "The parties are reminded of the 'now familiar maxim, '[j]udges are not like pigs, hunting for truffles buried in briefs.'").

6

the motions that I filed has created a conflict," elaborating that "Mr. Arntz is exercising independent judgment on Mr. Lewis's behalf that is contrary to the direction that I had believed was in Mr. Lewis's best interest and that is contrary to the instructions I have received from UAIC."[26] So Tindall's affidavit reflects only a conflict between his professional opinion and Arntz's, not between Lewis and UAIC. The defendants also have not shown that UAIC's proffered defense (that the judgment had expired and thus that attempts to amend it were nullities) conflicted with Lewis's best interests. And they cite no authority for the proposition that an adverse relationship in an action between an insured and insurer is imputed to, or establishes a conflict in, all related cases.[27] So the defendants have not shown an actual conflict or that they are entitled to judgment on UAIC's first claim for relief as a matter of law.

### C. Lewis is not entitled to summary judgment on UAIC's second cause of action regarding his non-cooperation.

In its second cause of action, UAIC seeks a declaration that Lewis breached his contractual duty to cooperate with its attempt to defend him against Nalder's 2018 state-court action, and that breach relieved the insurer of the duty to indemnify Lewis for "any claim [that] has been made or may be made arising out of the subject accident in the lawsuits for any amount above the mandatory[-]minimum limits of liability insurance."[28] Lewis denies any obligation to cooperate, and he moves for summary judgment on that basis.[29] But the parties dispute the scope and contours of the duty to defend and the rights and obligations that come with it. Lewis contends—without citation to any relevant authority—that the duty to defend triggered by

---

[26] ECF No. 140-2 at 4–5 (cleaned up).
[27] *See id.* at 10–11.
[28] ECF No. 1 at ¶ 34.
[29] ECF No. 139 at 13 (citing *Hinton v. Beck*, 176 Cal. App. 4th 1378, 1384 (2009)).

7

Nalder's very first lawsuit against him continues to this day, and by breaching that duty in the original action, UAIC forever lost the right to control Lewis's defense in subsequent actions.[30] UAIC responds that the duty to defend triggered by the 2008 action ended at final resolution of that action and a *new* duty to defend (with a corresponding right to control the litigation) was triggered when Nalder filed the later 2018 action.[31]

Movant Lewis has not carried his burden to show that, as a matter of law, UAIC's duty to defend Lewis against Nalder's recent suit was the same duty that UAIC was held to have breached in 2008. Lewis cites to the Supreme Court of Nevada's opinion in *Allstate Insurance v. Miller* that "an insurer's duty to adequately inform the insured [of a settlement offer] begins upon receipt of the settlement demand and continues through litigation to final resolution of that claim."[32] This *Miller* principle is of little use here, however, because this case does not involve the communication of a settlement offer. But even if I more broadly view *Miller* to hold that the duty to defend ends at the "final resolution of [a] claim," as Christensen argued at the hearing on this motion, the defendants haven't established that the original *Nalder* case's "final resolution" sweeps within its ambit these much-later-filed post-judgment actions. So Lewis has not met his burden to show that he is entitled to summary judgment on this second declaratory relief claim.

**D.     The court stays this case pending completion of the state-court appeal.**

Having denied summary judgment, I circle back to the defendants' suggestion that it would be improper for me to allow UAIC's claims to proceed here while "all of these issues are

---

[30] *See* ECF No. 139 at 9–10.

[31] ECF No. 141 at 29 ("When Nalder filed a new action in 2018, UAIC arguably became subject to a separate and distinct duty to defend Lewis, which it did."). At oral argument, UAIC conceded that it did have a duty to defend Lewis from those actions but reiterated that this duty was distinct from the one they were held to have breached in the 2008 litigation.

[32] *Allstate Ins. v. Miller*, 212 P.3d 318 (Nev. 2009).

8

actively being litigated in the state court of Nevada."[33] Though UAIC disagreed with this notion in its response to the defendants' motion, UAIC's counsel agreed at oral argument that the anticipated decision from the Supreme Court of Nevada may clarify the validity of any judgment against Lewis and whether Lewis has valid bad-faith claims against UAIC. So, while Lewis's motion raises the specter of abstention under the Supreme Court of the United States's holdings in *Colorado River Water Conservation District v. United States*[34] and *Wilton v. Seven Falls Co.*,[35] I find that a stay under *Landis v. North American Co.*[36] instead is most appropriate.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[37] When determining whether a *Landis* stay is appropriate pending the resolution of another case, the district court must weigh: (1) the possible damage that may result from a stay; (2) any "hardship or inequity" that a party may suffer if required to go forward; (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[38]

While the parties disagree about whether the issues pending in the 2018 state-court action are "substantially similar" to the issues in this case to warrant a *Colorado River* dismissal, those issues would certainly impact the resolution of this case. As I understand it, the Supreme Court of Nevada is tasked with determining whether (1) Nalder's 2018 attempts to amend the 2008 judgment saved that judgment from expiration, and (2) whether Lewis's third-party complaint

---

[33] ECF No. 139 at 7–8.
[34] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).
[35] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).
[36] *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).
[37] *Id.* at 254–55.
[38] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

against UAIC (alleging that the insurer breached its good-faith obligations) survives. Both of these issues impact the underlying facts in this case and the legal issues to be resolved here. Neither party has identified damage or hardship that would result from pressing pause on this case while those issues are sorted out in Carson City, and both sides were supportive of such a temporary stay when asked at last week's hearing. So I construe the defendants' request to abstain or dismiss under *Colorado River* as one for a *Landis* stay instead, and I exercise my inherent authority to stay this case pending the final outcome of that Supreme Court of Nevada action.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 139] is DENIED**.

IT IS FURTHER ORDERED that **this case is STAYED** for all purposes (except for the completion of the briefing on, and any order resolving, UAIC's pending motion to dismiss, ECF No. 148) **pending the conclusion of Supreme Court of Nevada case #83392**, argued on April 24, 2023. The parties must file a joint status report within 30 days of the conclusion of that appeal, explaining the ruling and its impact on the issues in this case, along with a joint proposed scheduling order to finally set this case on a standard litigation track.

_____
U.S. District Judge Jennifer A. Dorsey
July 26, 2023